IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE SCHOOP,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE, and UNITED STATES OF AMERICA<br><br>    Defendants.<br>_____/ | No. C 13-02230 SI<br>Related Case Nos. 13-02232, 13-02233<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND ORDERING COMPLIANCE WITH SUMMONSES**. |

    Plaintiffs, Catherine Schoop and the corporation she owns, New York Frankfurter Company of California, have filed three related actions against the United States and the Internal Revenue Service: Schoop's "Civil Action - Motion to Quash Summons" (C 13-2230 SI); New York Frankfurter Company's "Civil Action - Motion to Quash Summons" (C 13-2232 SI ); and Schoop's "Civil Action - Motion to Quash Third Party Summons" (C 13-2233 SI). Defendant United States has filed a motion to dismiss the three motions to quash, and to compel compliance with the summonses.

    The United States' motion is currently scheduled for a hearing on October 11, 2013. Docket No. 21 in Case No. 13-02230. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument and hereby VACATES the hearing. For the reasons set forth below, the Court hereby GRANTS the motion to dismiss the motions to quash and GRANTS the motion to compel compliance with summonses.

**BACKGROUND**

Defendant Internal Revenue Service ("IRS") is conducting a civil examination of the federal tax liabilities of New York Frankfurter Company of California, Inc. for the tax years 2010-2011, and of Catherine Schoop, the sole shareholder and President of New York Frankfurter, for the tax year 2009. Grellas Decl. ¶ 1. Revenue Agent Ariana Grellas is the IRS agent in charge of the investigation. On April 19, 2013, Grellas served a summons on New York Frankfurter, directing Schoop to appear on May 10, 2013 and to produce for examination documents relevant and material to the examination of the federal income tax liability of New York Frankfurter. Grellas Decl. ¶ 4. On April 19, 2013, Agent Grellas also issued a summons directing Schoop to appear on May 10, 2013, and to produce for examination documents relevant and material to the examination of the federal income tax liability of Schoop herself. *Id*. ¶¶ 12, 14. Schoop did not appear in response to either summons. *Id*. ¶¶ 5, 13.

On May 8, 2013, Grellas issued a summons to First American Title, seeking testimony and documents relating to purchase and mortgage history of 343 Pioneer Way, Tahoe City, California, purchased by Schoop in 2005. Mot. to Quash, p. 2 in Case No. 13-0223, Grellas Decl. ¶ 21. Grellas stated that documents related to this purchase are relevant in conducting the examination of Schoop's federal income tax liability. Grellas Decl. ¶ 23. Grellas received a response to the summons from First American Title by mail, but has not opened the mail envelope pending resolution of this summons enforcement proceeding. *Id*. ¶ 22. Grellas stated all administrative steps required by the Internal Revenue Code for issuance of the three summonses have been taken. *Id*. ¶¶ 10, 19, 26.

On May 16, 2013, plaintiffs filed the three "Civil Action - Motion to Quash Summons" proceedings. Plaintiffs alleged that the information sought has already been obtained by the IRS and that consequently the testimony of Schoop has no legitimate purpose. Mot. to Quash, p. 3; Ho Decl. ¶ 4-6. Plaintiffs alleged that the IRS summons of Schoop is improper and should be quashed because it fails to meet two of the four elements set fourth by the Supreme Court in *U.S. v. Powell* 379 U.S. 48, 57-58 (1964). Mot. to Quash, p. 3.

On July 12, 2013, the United States filed its motions to dismiss plaintiffs' motions and to compel compliance with the summonses. Docket No. 14 in Case Nos. 13-02230 and 13-02233; Docket No. 13 in Case No. 13-02232.

## LEGAL STANDARD

To enforce a summons, the IRS must establish a prima facie case: (1) that there is a legitimate purpose for the investigation; (2) that the material sought in the summons is relevant to that purpose; (3) that the material sought is not already within the possession of the IRS; and (4) that those administrative steps which are required by the Internal Revenue Code have been taken. *Powell,* 379 U.S. at 57-58. Once the government establishes its prima facie case, the party moving to quash the summons carries the burden of disproving the existence of a valid purpose or proving that enforcement of the summons would be an abuse of the court's process. *Id.* at 58. Abuse of process takes place "if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Id.*

The Ninth Circuit has further stated:

> The government's burden is a "slight one" and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met. *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir.1993); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir.1993). Once a prima facie case is made a "heavy" burden is placed on the taxpayer to show an "abuse of process" or "the lack of institutional good faith." *Dynavac*, 6 F.3d at 1414.

*Fortney v. United States*, 59 F.3d 117, 120 (9th Cir. 1995).

## DISCUSSION

**1.  The IRS has established a prima facie case supporting enforcement of the summonses**

The IRS may establish its prima facie case for enforcement of summonses by providing the investigating agent's sworn statement that the *Powell* factors are met. *Liberty Fin. Serv. v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985). Here, the IRS has provided such a declaration by Agent Grellas. The declaration states that: (1) the investigation has the legitimate purpose of ascertaining the federal income tax liability of New York Frankfurter and Schoop; (2) the summonses were issued to gather material relevant to ascertaining the federal tax liability of New York Frankfurter and Schoop; (3) that the materials sought by the summonses are not already within the possession of the IRS; and (4) that all administrative steps required by the Internal Revenue Code were taken. *See* Grellas Decl.

3

1  Plaintiffs claim that the government fails to satisfy the second and third *Powell* factors. Mot.
2 to Quash, p. 3. Plaintiffs first challenge the government's satisfaction of the third *Powell* factor,[1]
3 arguing that the all information sought by the IRS though these summonses has already been provided
4 during the August 27, 2012 audit and by plaintiffs' counsel. *Id*. Plaintiffs then challenge the
5 government's satisfaction of the second *Powell* factor claiming "since the information sought has
6 already been obtained by the IRS, the testimony of petitioner can also serve no legitimate purpose and
7 thus has no relevancy to express purposes in which the IRS may issue the summons." *Id*.

8  The relevance standard for an IRS summons is different from, and more relaxed than,
9 admissibility standards under the Federal Rules of Evidence. Summoned material is relevant if it might
10 "throw light" upon the correctness of the return. *United States v. Arthur Young & Co.*, 465 U.S. 805,
11 814 (1984). Congress expressly intended for the IRS to obtain materials "of even *potential* relevance
12 to an ongoing investigation." *Id.* (emphasis in original).

13  As explained below, the Court finds that Agent Grellas' declaration establishes that the
14 summoned materials are relevant, satisfying the minimal requisite showing for prima facie enforcement.

### A. New York Frankfurter Summons

17  Grellas stated that New York Frankfurter provided documents and materials insufficient "to
18 adequately substantiate the gross receipts reported on the tax returns." Grellas Decl. ¶ 3. This resulted
19 in a notice being sent to New York Frankfurter, in care of Schoop, explaining that the records were
20 inadequate. *Id*. The notice provided a list of reasons why the records provided are inadequate,
21 specifically that:

22  1. Daily sales sheets were not retained. Taxpayer should retain original daily sales slips and sales summary spreadsheets.
23  2. Inventory records were not retained. Taxpayer should retain original inventory count sheets.
24  3. No record of amounts taken from daily sales for petty cash. Taxpayer should track the source and application of petty cash funds.

---

[1] Two of the motions to quash state that they challenge IRS compliance with the fourth *Powell* factor, which relates to having performed the administrative steps required by the Internal Revenue Code. However, the discussion in each motion concerns only whether the information is already in the IRS's possession, which is the third *Powell* factor. *See* Docket No. 1, p. 3 in Case Nos. 13-02230, 13-02232.

4

    4.    No record of catering contacts. Taxpayer should retain original catering contracts, including a record of payments received for each catering contract.

Grellas Decl. Ex. 2, p. 2.

Because these issues are relevant to the tax years under examination and need to be addressed to adequately substantiate the gross receipts reported on the 2010-2011 tax returns, Grellas stated it is necessary to interview Schoop in order to address these issues. Grellas Decl. at ¶¶ 3-4. The records sought from New York Frankfurter are both relevant to the examination of federal tax liability of New York Frankfurter and not in the IRS's possession. *Id*. at ¶¶ 3-8.

### B.    Schoop Summons

Grellas stated that Schoop provided documents insufficient "to substantiate examination issues, including possible dividends from New York Frankfurter, unexplained source of funding for living expenses when compared to filed tax returns, and questions regarding real property that was allegedly gifted to her son." *Id*. ¶ 15. Because these issues are relevant to the tax years under examination and need to be addressed to determine if it is necessary to open subsequent tax years for examination, Grellas stated it is necessary to interview Schoop in order to address these issues. *Id*. The records are not in the IRS's possession and are necessary for Agent Grellas' investigation. *Id*. at ¶¶ 14-16, 18.

### C.    First American Title Summons

Grellas stated that the records from First American Title are "information [that] may reveal the taxpayer's entitlement to deductions and income received during tax year 2009, additional sources of income, possible principal payments to her mortgage lender, bank accounts unknown to the IRS, income producing assets, or statements of income inconsistent with the income tax return filed." *Id.* ¶ 23. The documents provided were insufficient in addressing these issues Grellas claimed are relevant to the examination. *Id*. ¶ 24. Because the records from First American Title could potentially reveal new relevant information regarding Schoop's federal income tax liability, Grellas stated the records from First American Title are necessary in order to address these issues. *See Arthur Young & Co.*, 465 U.S. at 814; Grellas Decl. ¶¶ 23-24.

5

The United States has established that the information requested by the three summonses is (1) relevant and (2) not currently in the IRS's possession. Therefore, the Court finds that the IRS has satisfied all the *Powell* factors.

**2.     Plaintiffs have not met their burden to support quashing the summonses**

As the IRS has established a prima facie case for enforcement of the summonses, the burden shifts to plaintiffs to "challenge the summons on any appropriate ground," such as alleging that the IRS abused the court's process by issuing the summons "for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell*, 379 U.S. at 58 (quoting *Reisman v. Caplin*, 375 U.S. 440, 449 (1964) (internal quotes omitted). Plaintiffs' burden is "a heavy one," requiring "specific facts and evidence to support his allegations." *Liberty Fin. Serv.*, 778 F.2d at 1392.

Plaintiffs have not provided specific facts or evidence to support their allegations. Simply claiming information has "already been provided through the audit examination" and that in-person testimony is "completely irrelevant, harassing and unduly burdensome" lacks specificity and factual support to meet the plaintiff's heavy burden. *See e.g.* Pl's. Opp'n to Defs'. Mot. to Dismiss, p. 4. Without specific facts or evidence to support her allegations, plaintiffs cannot meet their burden to quash the summonses.[2]

Accordingly, this Court GRANTS the motion to dismiss the motions to quash, and ORDERS that plaintiffs comply with the summonses.

**IT IS SO ORDERED.**

Dated: October 2, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs also claim that the summonses are improper due to "criminal implications of CID investigation," claiming that Agent Grellas was actually conducting a criminal investigation under the auspices of a civil audit. Mot. to Quash, p. 3. As set forth in Grellas' Declaration, Grellas is conducting a civil audit which involves the issue of expenses which exceed reported income. Grellas Decl. ¶ 1. Additionally, Grellas stated that there has been no referral to the Department of Justice for criminal prosecution of matter described in any of the three summonses. Grellas Decl. ¶¶ 11, 20, 27.

6